IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DAPHNE NOBLE FREE, | § § § | |
| *Plaintiff*, | § § | |
| | § | CIVIL ACTION NO. 9:20-CV-00190 |
| v. | § § | JUDGE MICHAEL J. TRUNCALE |
| ALLSTATE INDEMNITY COMPANY, | § § | |
| *Defendant*. | § § | |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Plaintiff Daphne Noble Free ("Plaintiff" or "Representative Plaintiff") on behalf of herself and each of the putative Class Members, and Defendant Allstate Indemnity Company ("Defendant"), all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Class Action Stipulation of Settlement Agreement ("Agreement") filed with the Court on January 27, 2023. Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing (the "Motion").[1] [Dkt. 99].

Upon considering the Motion and exhibits thereto, the Agreement and exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, it is **HEREBY ORDERED THAT**:

1. The Agreement entered into by and among Plaintiff Daphne Noble Free and Defendant was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Agreement.

2. The Agreement is hereby incorporated by reference in this Order and all terms defined in the Agreement will have the same meanings in this Order.

3. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure ("Rule") 23(e) factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The following Class is certified for settlement purposes only:

> all to whom Defendant issued real property insurance (1) whose real property suffered a total loss by fire in the State of Texas from June 21, 2013 through the date the Court conditionally approves this Agreement, (2) whose claim was accepted by Defendant and whose loss was determined by Defendant to be a total loss by fire, (3) whose declarations, on the date of loss, listed the coverage limit of the real property that suffered the total loss by fire as Actual Cash Value "up to" a specified dollar amount, meaning a numeric amount of dollars or dollars and cents expressed in numbers, (4) Defendant paid the real-property-total-loss-by-fire claim at an amount less than the specified dollar amount for the coverage limit listed on the policy declarations. Of those satisfying the foregoing, the Class is further broken into two Groups:
>
> Group A: Plaintiff and those with dates of loss of September 29, 2015, through the date the Court conditionally approves this Agreement; and
>
> Group B: Those with dates of loss of June 21, 2013, through September 28, 2015.

4. Plaintiff Daphne Noble Free is preliminarily appointed as representative of the Class ("Representative Plaintiff") and the Court finds that the following attorneys for Plaintiff satisfy the adequacy requirement of Rule 23, and appoints such as counsel for the Class ("Class Counsel"):

| | |
|---|---|
| Mark C. Sparks<br>mark@thefergusonlawfirm.com<br>Jane S. Leger<br>jleger@thefergusonlawfirm.com<br>Tripp Jones tjones@thefergusonlawfirm.com<br>FERGUSON LAW FIRM, LLP<br>3155 Executive Blvd.<br>Beaumont, Texas 77705<br>(409) 832-9700 | Mike Love<br>mikelove@texaslawoffice.com<br>MIKE LOVE & ASSOCIATES, LLC<br>202 E. Lufkin Ave.<br>Lufkin, TX 75901<br>(936) 632-2000 |

5. If final approval of the Proposed Settlement is not granted, this Order, including the preliminary certification of the Settlement Class and the preliminary appointment of the Representative Plaintiff and Class Counsel, shall be automatically vacated. If the Agreement is terminated, disapproved, or materially altered in whole or in part by the Court, any appellate court(s), or any other court of review, or if the Agreement is terminated as provided in Paragraphs 14.1-14.4 of the Agreement, the Agreement or any provision of the Agreement or the fact of the Agreement having been made shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery as provided in Paragraph 14.3 of the Agreement.

6. Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Representative Plaintiff nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Defendant that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Agreement. Accordingly, the Court hereby preliminarily enjoins Representative Plaintiff and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

7. Angeion Group is preliminarily appointed to serve as the third-party administrator (the "Administrator") for the Proposed Settlement and to perform such duties as may be ordered by this Court pursuant to the terms of the Agreement.

8. The Parties have prepared the Class Notice and Claim Form, which have been submitted to the Court as Exhibits B and C to the Agreement. As set forth herein, the Court has reviewed and approved these forms. Counsel for the Parties, along with the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents as necessary to fulfill the purposes of the Agreement.

9. As soon as practicable after the entry of this Order, but in any event no more than fifteen (15) days after entry of this Order, Defendant shall conduct a reasonable search of its records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available: full name, last known mailing address, date of Covered Loss during the Class Period, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement.

10. First Notice: The Administrator shall mail a copy of the Class Notice and Claim Form in a form and with content substantially similar to Exhibits B and C to the Agreement by first-class U.S. Mail (return postage prepaid) to each potential Class Member identified by Defendant at last known mailing address provided by Defendant pursuant to Section 5.2 of the Agreement.

11. Second Notice: For each potential Class Member sent First Notice by the Administrator who fails to contact the Administrator within 30 days of the Administrator's issuance of the First Notice, the Administrator will run searches specific to the name and last known address (as provided by Defendant) through (1) Lexis Nexis and (2) NOCA (National Change of Address) database and mail to such Class Member's most recent address a copy of the Class Notice and Claim Form in a form and with content substantially similar to Exhibits B and C

of the Agreement by first-class U.S. Mail (return postage prepaid). No additional notice will be sent by the Administrator, no notice will go out except through the Administrator, and no further efforts to locate or to find a more current address for Class Members is required of Defendant or the Administrator.

12. Defendant will pay the class Administrator's reasonable administrative fee and necessary expenses including postage and printing costs for the First Notice and, as necessary, Second Notice.

13. The Administrator shall complete First Notice and, as necessary, Second Notice not less than thirty (30) days prior to the setting of the Final Approval Hearing. Any material change(s) to the Class Notice or Claim Form agreed to by the Parties after entry of the Preliminary Approval Order must be approved by the Court prior to mailing.

14. If any Class Notice and/or Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log such return as undeliverable and provide copies of the log to Defendant and Class Counsel as requested. If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address within three (3) business days.

15. No later than forty-five (45) days before the Claim Deadline, the Administrator shall mail a reminder with information regarding the Claim Deadline, the Settlement toll-free number, and how to request a copy of the Claim Form. This reminder will be mailed to each potential Class Member who has not at that time submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class at that time. The Administrator shall mail this reminder to all such potential Class Members to the most current mailing address

available to the Administrator as that address was obtained by the Administrator pursuant to the preceding terms of this Order.

16. The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances, and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required. Upon reasonable request, the Administrator shall advise Class Counsel and Defendant's Counsel of the progress of the notice program to monitor compliance with this Agreement.

17. In addition to the Class Notice and Claim Form mailed in accordance with the proceeding paragraphs, the Administrator shall establish an automated toll-free number through which information may be provided about the Settlement utilizing relevant portions of the Class Notice and Claim Form. The Administrator shall send the Class Notice and Claim Form upon request of any potential Class Members. The phone number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages and, at Defendant's option, may also provide for live operators during select times to answer certain basic questions about the Settlement.

18. At or before the Final Approval Hearing, the Parties shall file a proof of mailing the Class Notice, Claim Form, and Postcard Notice from the Administrator.

19. The Court preliminarily finds that the individual mailed distribution of the Class Notice, Claim Form, and reminder, under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free number provided for in this Order, constitutes the best practicable notice under the circumstances; is reasonably calculated to apprise

all potential Class Members who can be identified through reasonable effort of: the pendency of the Action, this Agreement, and the Final Approval Hearing; and meets the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

20. The Court finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 et seq., have been or will be sent and that Defendant has fully complied or will fully comply with such notice requirements.

21. The costs of providing notice and effectuating all other settlement administration as provided in this Order shall be borne by Defendant as provided in the Agreement.

22. On August 1, 2023, at 9:00 a.m., a date which is not less than ninety (90) days after entry of this Order, in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas, the Court shall hold a Final Approval Hearing to determine, among other things:

   (a) whether the Agreement for this Action should be approved as fair, reasonable and adequate;

   (b) whether this Action should be certified as a class action for settlement purposes only;

   (c) whether this Action should be dismissed with prejudice pursuant to the terms of the Agreement;

   (d) whether Class Members should be bound by the provisions in the Agreement, including the releases set forth in the Agreement;

   (e) whether Class Members (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims;

   (f) whether Class Counsel's application for an award of attorneys' fees and expenses should be approved; and

(g) objections, if any, made to the Proposed Settlement or any of its terms.

23. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the Class Members. Any rescheduled date for the Final Approval Hearing will be posted on the Settlement website.

24. All briefs and materials in support of an order for final approval and judgment and for a service award to the Representative Plaintiff and payment to Class Counsel for its attorneys' fees and costs shall be filed with this Court no later than seven (7) days prior to the Final Approval Hearing.

25. Class Members who wish to opt out from the Settlement Class must do so in writing by mailing the Administrator a written request for exclusion in the manner described in the Agreement and pursuant to the instructions in the Class Notice, postmarked no later than thirty (30) days prior to the Final Approval Hearing. The request for exclusion must: (a) identify the case name; (b) identify the name and address of the Class Member; (c) be personally signed by the Class Member requesting exclusion or their Legally Authorized Representative; and (d) state a desire to be excluded from the Class, such as "I hereby request to be excluded from the proposed Class in the Free Class Action." Persons must request exclusion individually.

26. Mass or class opt outs are prohibited. Plaintiff, Class Counsel and their respective firms shall not solicit, encourage or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person requesting to opt out from the Settlement.

27. All Class Members who do not request exclusion in the manner set forth in this Order and in the Agreement shall be bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that

Defendant, in its sole discretion, may allow a potential Class Member who does not timely request exclusion from the Settlement Class to opt out up to and including the date of the Final Approval Hearing.

28. Class Members who do not request exclusion from the Settlement Class may object in writing to the Proposed Settlement by filing with the Clerk of the Court and mailing a copy to the Administrator a written notice of intent to object as provided in the Agreement and Class Notice, postmarked no later than thirty (30) days before the Final Approval Hearing. To be valid, a written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member ("Objector"); (c) the name, address, bar number, and telephone number of the Objector's counsel, if represented; (d) any specific reason(s) why the Class Member objects to the Settlement; and (e) whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel. Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the instructions of this Order and in the Agreement and Class Notice waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement.

29. The Administrator shall provide Defendant's Counsel and Class Counsel with copies of any and all objections or opt out forms received by the Administrator.

30. At or before the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator providing: (i) the number of Class Members who timely excluded themselves from the Settlement Class, (ii) the number of Class Members who timely submitted an objection to the Proposed Settlement, and (iii) the identity of all individuals within the proceeding sections (i) and (ii).

31. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Agreement as Exhibit C, requesting Claim Settlement Payment in accordance with the terms of the Agreement.

32. Any Class Member who has not submitted a timely, complete opt out request and who has returned a timely, complete Claim Form may receive a settlement check according to the terms of the Agreement, if the Effective Date occurs.

33. Pending final determination as to whether the Agreement should be approved, all other motions, deadlines, and proceedings pending in this Action and not contemplated herein and in the Agreement are hereby stayed.

34. This Order shall not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes. Nor shall the Order be construed or used as an admission, concession or declaration by or against the Representative Plaintiff or Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

35. Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence in support of Court approval of same, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, or to enforce the Agreement after Court approval including the payment requirements thereunder.

36. The Proposed Settlement is hereby preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members. The Parties and the Administrator are

10

directed to implement the terms of the Proposed Settlement in accordance with the Agreement.

37. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

**SIGNED this 1st day of May, 2023.**

_____
Michael J. Truncale
United States District Judge